# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **PATRICK OLIVE,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **Case No. CIV 07-023-RAW-KEW** |
| ) | |
| **MIKE MULLIN, Warden,** ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This matter is before the court on petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Jess Dunn Correctional Center in Taft, Oklahoma, attacks his conviction in Muskogee County District Court Case Number CF-99-648 for Assault and Battery with a Dangerous Weapon. He alleges the trial court lacked jurisdiction, because an investigator for the district attorney's office, who was not an attorney, was allowed to accept petitioner's guilty plea on behalf of the district attorney.

The respondent has filed a motion to dismiss, alleging the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d). The record shows that on March 3, 2000, petitioner pleaded guilty to Assault and Battery with a Dangerous Weapon in Case No. CF-99-648 and was sentenced to 20 years' imprisonment in the Oklahoma Department of Corrections. He did not seek to timely withdraw his guilty plea or seek a direct appeal to the Oklahoma Court of Criminal Appeals, so the conviction became final on March 13, 2000, ten days after he entered his plea and was sentenced. *See* Rule 4.2(A), *Rules of the Court of*

*Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App. The one-year limitation period for filing a federal habeas corpus petition, therefore, expired on March 13, 2001. *See* 28 U.S.C. § 2244(d)

On January 28, 2002, petitioner filed his first application for post-conviction relief, which was denied, and the denial was affirmed in *Olive v. State*, No. PC-2002-336 (Okla. Crim. App. Apr. 15, 2002). His second post-conviction petition, filed on January 10, 2006, also was denied, and the Court of Criminal Appeals dismissed his attempted appeal in *Olive v. State*, No. PC-2006-281 (Okla. Crim. App. May 11, 2006). Petitioner incorrectly asserts in his response to the motion to dismiss that the limitation period did not commence until May 11, 2006, when the denial of his second post-conviction appeal was affirmed on appeal. Petitioner's post-conviction actions were not initiated until the habeas deadline had passed, so there is no statutory tolling of the limitation period. *See* 28 U.S.C. § 2244(d)(2).

**ACCORDINGLY,** the respondent's motion to dismiss time barred petition (Docket #8) is GRANTED, and this action is DISMISSED in its entirety.

**IT IS SO ORDERED** this 13th day of September 2007.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma